IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Raymond W. Carter, | ) | |
| | ) | Civil Action No. 6:08-497-GRA-WMC |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Anderson, Wateree CI; | ) | |
| Warden White, Wateree CI; and | ) | |
| Principle Divine, Ridgeland CI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on June 4, 2009 and upon the plaintiff's Motion to Appoint Counsel. The plaintiff originally filed this action pursuant to § 1983 on February 14, 2008. On January 23, 2009, the defendants moved for summary judgement. Following the issuance of a *Roseboro* Order, the plaintiff responded to the motion for summary judgement on February 12, 2009. On June 4, 2009 the Magistrate filed a Report and Recommendation recommending that the defendants' motion for summary judgement be granted. The plaintiff filed an objection to this Report and Recommendation on June 16, 2009. Also on June 16, 2009, the plaintiff filed a Motion to Appoint Counsel.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

### Motion to Appoint Counsel

As a threshold matter, the plaintiff's motion to appoint counsel should be denied. Generally, there is no right to appointed counsel in § 1983 actions. *Hardwick v. Ault*, 517 F.2d 295 (5th Cir.1975). Under 28 U.S.C. § 1915 this Court may appoint a counsel for an indigent party. However, the Court will only appoint counsel in civil matters in truly exceptional circumstances. After a review of the record, the Court finds that no such circumstances exist. Therefore, the plaintiff's request is denied.

### Summary Judgement

In his Report and Recommendation, Magistrate Judge Catoe recommended granting the defendants' motion for summary judgement. The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §

636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). The plaintiff has offered numerous objections.

    A. **Policy and Practice**

First, the plaintiff argues that he may entertain this action if he is able to show that a government entity had a custom, policy or practice that violated his constitutional rights. Though municipalities may be sued in some instances under this theory, the plaintiff has not sued a municipality in this case but instead three individuals. Moreover, the plaintiff has failed to offer any evidence demonstrating a recurring or widespread practice. Accordingly, this objection is without merit.

    b. **Certification of Time**

Second, the plaintiff seems to argue that the defendants misinterpret PS-08.06 of South Carolina's Educational Credit Program. In short, the plaintiff argues that this section does not require a constant monitoring of the course work. The plaintiff argues that the documentation he provided to SCDC should be sufficient to meet the standard set forth in this section.

South Carolina Education Program PS-08.06 provides that "[t]he educational staff member monitoring the course will certify the amount of time spent on the course and provide documentation to the supervisor of academic progress that the course has been successfully completed. Based on this documentation, credit will be awarded if other applicable policy/ procedure requirements are met." The term "certify" means to "To authenticate or verify in writing." Black's Law Dictionary (8th ed. 2004). Both authentication and verification require actual knowledge that a particular event has taken place. Thus, the plaintiff's objection is without merit.

    c. **Approved programs**

Next the plaintiff objects to the magistrate's contention that not all classes qualify an inmate for Education Bonus credits. The plaintiff argues that the policy statement underlying South Carolina's Education Credit Program is to encourage all inmates to continue their education. However, the fact that inmate's may be encouraged to take additional classes does not remove the procedural requirements for Education Bonus Credits.

    d. **Participation of Prison Authorities.**

The plaintiff next argues that prison authorities should have taken a more active role in monitoring his course work. The plaintiff notes that during meetings and when granting approval for ordering books, the defendants should have advised him of the requirements. Additionally, the plaintiff argues that it is the responsibility of the defendants to keep track of his hours working on educational time. Finally, the plaintiff argues that the prison authorities should have taken an active role in filling out a TSCDC 19-54. However, the regulations set forth clearly does not impose a requirement upon the prison authorities to actively search out inmates who are participating in educational programs. Such a reading would be illogical and inconsistent with the plain meaning of the program.

  e. **Graduation information**

The plaintiff next argues that his transference from one prison facility to another prevented him from properly providing documentation of his passing grade. Furthermore, the plaintiff argues that his Step I and Step II grievances were significantly delayed because he did not have this documentation. Ultimately, it appears that the documentation was provided to the defendant, but that the delay rendered the petitioner's request for a reduction moot. However, as previously discussed, it was not the responsibility of the defendants to actively seek out prisoners who wished to participate in education programs. Moreover, once prison authorities became aware that the defendant was seeking credit, they acted with due diligence in investigating the petitioner's claims. This objection is without merit.

f. **Lack of Discovery**

The plaintiff next objects to the magistrate's contention that the only evidence before this court establishes that the plaintiff's correspondence course did not meet the requirements for receipt of Bonus Educational Credit.  Furthermore, the plaintiff argues that he can refute this claim if allowed to conduct discovery.  However, the pending motion is for summary judgement.  The defendants have made the threshold demonstration that there is no issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once this threshold was met, the plaintiff had the burden of demonstrating that specific, material facts exist which give rise to genuine issue.  *Id.* at 324.  As the plaintiff has failed to produce any evidence refuting the showing of the defendant, this objection is without merit.

g. **Personal Involvement of the Defendants**

The plaintiff next objects to the magistrate's contention that the defendants are entitled to qualified immunity.  The petitioner asserts that once a grievance had been filed, the defendants were on notice of the alleged violation.  As explained by the magistrate "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999).  In this case, the plaintiff has failed to establish the either existence of a constitutional right or that the defendants' subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional

injury. Accordingly, this objection is without merit.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Wherefore, the defendants' motion for summary judgement is hereby GRANTED and the plaintiff's motion to appoint counsel is DENIED

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July 16, 2009

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.